FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION ★   JUN 1 8 2020   ★

LONG ISLAND OFFICE

| | | |
|---|---|---|
| CARDCONNECT, LLC | § | |
| | § | |
| VS. | § | |
| | § | CASE NO. 2:20-CV-01526 |
| | § | |
| LAW OFFICE OF FRANCISCO J. | § | |
| RODRIGUEZ and FRANCISCO J. | § | |
| RODRIGUEZ | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendants, LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ, one and the same, hereinafter "Defendant", hereby answers the Complaint of Plaintiff CARDCONNECT, LLC, and asserts his affirmative Defenses as follows:

### A.  ADMISSIONS & DENIALS

1.     Denied in part; admitted in part. Defendant admits only that Plaintiff brings the action to recover damages, attorneys' fees and costs. All remaining factual allegations in Paragraph 1 are denied.

2.     Denied. Defendant lacks sufficient knowledge or information to form a belief about the truth of the factual allegations of paragraph 2.

3.     Defendant admits the allegation in paragraph 3.

4.     Defendant admits the allegation in paragraph 4.

5.     Defendant admits the allegation in paragraph 5.

6.     Denied. Defendant lacks sufficient knowledge or information to form a belief about the truth of the factual allegations of paragraph 6.  Defendant does not recall signing any agreement.

7.      Denied.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the factual allegations of paragraph 7.

8.      Denied.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the factual allegations of paragraph 8.

9.      Denied.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the factual allegations of paragraph 9.

10.     Admitted in part, denied in part. Defendant admits the allegations that Defendant entered into a Merchant Processing Application.  All remaining factual allegations in Paragraph 10 are denied.

11.     Defendant admits the allegation in paragraph 11.

12.     Admitted in part, denied in part.  Defendant admits the first sentence paragraph 12 but lacks sufficient knowledge or information to form a belief about the truth of the second sentence of paragraph 12 and therefore denies the second sentence of paragraph 12.

13.     Defendant admits the allegation in paragraph 13.

14.     Defendant admits the allegation in paragraph 14.

15.     Defendant admits the allegation 15 that the agreement has the language stated in Paragraph 15.

16.     Defendant admits the allegation that the agreement has the language stated in Paragraph 16.

17.     Defendant admits the allegation in paragraph 17.

18.     Admitted in part, denied in part.  Defendant admits in part the allegation in Paragraph 18 that the transaction was initially rejected but denies the rest of paragraph 18.

19.   Defendant denies the allegation in paragraph 19.

20.   Denied in part, admitted in part.   Defendant lacks sufficient knowledge or
      information to form a belief about the truth of paragraph 20 regarding "an issue
      with CCN's internal processing system", denies that $50,000 was "improperly"
      deposited into one of Defendant's account, but admits that $50,000 was deposited
      into one of Defendant's account.

21.   Denied in part, admitted in part.   Defendant admits part of the allegation in
      paragraph 21 that Plaintiff "attempted to claw back" the deposited funds, but denies
      the funds were improperly deposited funds.

22.   Denied in part, admitted in part.   Defendant admits part of the allegation in
      paragraph 22 that Defendant placed a debit preventing Plaintiff from recovering
      funds but denies the funds were improperly deposited.

23.   Defendant admits the allegation in paragraph 23.

24.   Defendant admits the allegation in paragraph 24.

25.   Denied in part, admitted in part.   Defendant admits in part the allegation in
      Paragraph 25 that the transaction was initially rejected but denies the rest of
      paragraph 25.

26.   Defendant denies the allegation in paragraph 26.

27.   Denied in part, admitted in part.   Defendant lacks sufficient knowledge or
      information to form a belief about the truth of paragraph 27 regarding "an issue
      with CCN's internal processing system", denies that $85,000 and $99,999.99 was
      "improperly" deposited into one of Defendant's account, but admits that $50,000
      was deposited into one of Defendant's account.

28.     Denied in part, admitted in part.   Defendant admits part of the allegation in paragraph 21 that Plaintiff "attempted to claw back" the deposited funds, but denies the funds were improperly deposited funds.

29.     Denied in part, admitted in part.   Defendant admits part of the allegation in paragraph 22 that Defendant placed a debit preventing Plaintiff from recovering funds but denies the funds were improperly deposited.

30.     Defendant admits the allegation in paragraph 23.

31.     Defendant incorporates by reference its answers to the preceding Paragraphs as if set forth at length herein.

32.     Defendant denies the allegation in paragraph 32.

33.     Defendant denies the allegation in paragraph 33.

34.     Defendant denies the allegation in paragraph 34.

35.     Defendant denies the allegation in paragraph 35.

36.     Defendant denies the allegation in paragraph 36.

37.     Defendant denies the allegation in paragraph 37.

38.     Denied. Paragraph 38 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 38 are denied.

39.     Defendant incorporates by reference its answers to the preceding Paragraphs as if set forth at length herein.

40.     Defendant denies the allegation in paragraph 40.

41.     Defendant denies the allegation in paragraph 41.

42.     Defendant denies the allegation in paragraph 42.

43.    Defendant denies the allegation in paragraph 43.

44.    Defendant denies the allegation in paragraph 44.

45.    Denied. Paragraph 45 states conclusions of law to which no responsive pleading
       is required. To the extent a responsive pleading is required, the allegations in
       Paragraph 45 are denied.

46.    Defendant incorporates by reference its answers to the preceding Paragraphs as
       if set forth at length herein.

47.    Defendant denies the allegation in paragraph 47.

48.    Defendant denies the allegation in paragraph 48.

49.    Defendant denies the allegation in paragraph 49.

50.    Defendant denies the allegation in paragraph 50.

51.    Defendant denies the allegation in paragraph 51.

52.    Denied. Paragraph 52 states conclusions of law to which no responsive pleading
       is required. To the extent a responsive pleading is required, the allegations in
       Paragraph 52 are denied.

53.    Defendant incorporates by reference its answers to the preceding Paragraphs as
       if set forth at length herein.

54.    Defendant denies the allegation in paragraph 54.

55.    Defendant denies the allegation in paragraph 55.

56.    Defendant denies the allegation in paragraph 56.

57.    Denied. Paragraph 45 states conclusions of law to which no responsive pleading
       is required. To the extent a responsive pleading is required, the allegations in
       Paragraph 45 are denied.

58.   Defendant incorporates by reference its answers to the preceding Paragraphs as if set forth at length herein.

59.   Defendant denies the allegation in paragraph 59.

60.   Defendant admits the allegation in paragraph 60.

61.   Defendant denies the allegation in paragraph 61.

62.   Defendant denies the allegation in paragraph 62.

63.   Defendant denies the allegation in paragraph 63.

64.   Denied. Paragraph 64 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 64 are denied.

## B. DEFENSES & AFFIRMATIVE DEFENSES

65.   Defendant is not liable to Plaintiff because Plaintiffs own actions and omissions proximately caused the occurrence that proximately caused its damages, if any.

66.   Plaintiff was contributorily negligent, Plaintiff failed to use due diligence in investigating whether the debit card that was used was valid prior to disbursing any funds to Defendant, among other omissions.

67.   Plaintiff made material misrepresentations to Plaintiffs that the debit card that was used was good and valid.  Defendant relied on the misrepresentations and continued to transact business with Plaintiff, to its detriment.

68.   Fraud.  Plaintiff defrauded Defendant by withholding material information that the Plaintiff had never been paid, if they were not, that the initial $50,000 transaction had never been funded by the debit card bank.  Had Defendant been made aware that the initial $50,000 transaction had never been funded to Plaintiff, Defendant would NOT have continued submitting transactions over the course of several months.

69.   Estoppel.  For the reasons set out in paragraph 65, 66, 67.and 68, Plaintiff is estopped from its claim.

70.   Waiver.  For the reasons set out in paragraph 65, 66, 67.and 68, plaintiff waived

its claim.

71.   Plaintiff did not mitigate its damages.

## C.  JURY DEMAND

72.   Defendant asserts his rights under the Seventh Amendment to the U.S.

Constitution and demands, in accordance with Federal Rule of Civil Procedure 38,

a trial by jury on all issues.

## D.  PRAYER

For these reasons, Defendant asks the Court to enter judgment that Plaintiff take

nothing, dismiss Plaintiff's suit with prejudice, assess costs against plaintiff, and award

Defendant all other relief the Court deems appropriate.

Respectfully Submitted,

By:

FRANCISCO J. RODRIGUEZ, PRO SE
1711 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415
frankr@mcallenlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served to the following counsel of record on this 17th day of June, 2020, to wit:

VIA E-MAIL: john.peterson@polsinelli.com

John W. Peterson
Polsinelli, PC
401 Commerce St., Ste. 900
Nashville, TN 37219
*Attorney for Plaintiff*

FRANCISCO J. RODRIGUEZ