UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| CARDCONNECT, LLC<br>    PLAINTIFF,<br><br>VS.<br><br>LAW OFFICE OF FRANCISCO J.<br>RODRIGUEZ and FRANCISCO J.<br>RODRIGUEZ,<br>    DEFENDANTS/THIRD-PARTY<br>    PLAINTIFF | § § § § § § § § § § § | CASE NO. 2:20-CV-01526 |
| LAW OFFICE OF FRANCISCO J.<br>RODRIGUEZ AND FRANCISCO J.<br>RODRIGUEZ,<br>    DEFENDANTS/THIRD-PARTY<br>    PLAINTIFF<br><br>VS.<br><br>ANTONIO JUAREZ HERNANDEZ,<br>NEREYDA VEGA, ROYAL LIBERTY<br>OIL LEASING, LLC, AND ROYAL<br>INTERNATIONAL INVESTMENT GROUP,<br>LLC,<br>    THIRD-PARTY DEFENDENTS. | § § § § § § § § § § § § § § § § § | CASE NO. 2:20-CV-01526 |

## **DEFENDANT'S FIRST THIRD-PARTY COMPLAINT**

### A. PARTIES

1. Plaintiff is CARDCONNECT, LLC, hereinafter "Plaintiff".

2. Defendant is LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ, hereinafter "Defendant".

3. Third Party Defendant ANTONIO JUAREZ HERNANDEZ (hereinafter "Third Party Defendant HERNANDEZ"), upon information and belief, resides at Calle 28 LT 6 MZA 28 102, Cancun, Quintana Roo, 77300 Mexico. Upon information and belief, he is a citizen of Mexico.

4. Third Party Defendant NEREYDA VEGA (hereinafter "Third Party Defendant VEGA"), is a resident of Hidalgo County, Texas. One of her place of business is located at 3400 N. McColl Rd., Ste., 25, McAllen, Hidalgo County, Texas.

5. Third Party Defendant ROYAL LIBERTY OIL LEASING, LLC, (hereinafter "Third Party Defendant ROYAL LIBERTY") is a Texas limited liability company doing business in the State of Texas. Its principal place of business is located at 3400 N. McColl Rd., Ste., 25, McAllen, Hidalgo County, Texas. The registered agent is Nereyda VEGA.

6. Third Party Defendant ROYAL INTERNATIONAL INVESTMENT GROUP, LLC, (hereinafter "Third Party Defendant ROYAL INTERNATIONAL") is a Texas limited liability company doing business in the State of Texas. Its principal place of business is located at 3400 N. McColl Rd., Ste., 25, McAllen, Hidalgo County, Texas. The registered agent is Pablo Salinas.

**B. JURISDICTION**

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(3) because the suit is between citizens of different U.S. states, as well as a citizen of a foreign state , i.e. Mexico, and the amount in controversy exceeds $75,000, excluding interest and costs.

8. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's and Defendant's claims against several parties herein because plaintiff's and Defendant's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

## C. FACTS

9. Plaintiff sued Defendant for breach of contract, breach of duty of good faith and fair dealing, conversion, unjust enrichment, and quantum meruit.

10. Defendant files this third-party complaint against all the third-party Defendants i.e. Third Party Defendant HERNANDEZ, Third Party Defendant VEGA, Third Party Defendant ROYAL LIBERTY and Third Party Defendant ROYAL INTERNATIONAL, within 14 days after serving his original answer which was on June 19, 2020. (Fed. R. Civ. P. 14(a)(1).

11. On or about February 21, 2019, a person name Dan Flores approached Defendant and informed the Defendant that Third Party Defendant VEGA, was conducting business with a Mexican citizen who is Third Party Defendant HERNANDEZ.

12. Third-Party Defendant VEGA, at all times relevant herein, was acting in her individual capacity and also as a representative or principal of Third-Party Defendant ROYAL LIBERTY and Third- Party Defendant ROYAL INTERNATIONAL.

13. Third Party Defendant HERNANDEZ contacted the Defendant and requested legal representation in the conduct of his business with Third Party Defendant VEGA, . Third-Party Defendant ROYAL LIBERTY and Third- Party Defendant ROYAL INTERNATIONAL.

14. Third-Party Defendant HERNANDEZ engaged the legal services of the Defendant and executed a Contract of Employment providing that the Defendant would represent him in legal matters involving his representatives in certain business transactions which included the purchase and acquisition of properties,

businesses, and participating in business ventures in the Rio Grande Valley of Texas or in the State of Texas.  This included his business with Third Party Defendant VEGA, Third-Party Defendant ROYAL LIBERTY and Third- Party Defendant ROYAL INTERNATIONAL.

15. Third-Party Defendant HERNANDEZ and Third- Party Defendant VEGA represented to Defendant that Third-Party Defendant HERNANDEZ was a very wealthy businessman with properties and ventures in various parts of the world. Third-Party Defendant HERNANDEZ also represented to Defendant that he managed the investments of various other very wealthy persons and entities. Those investments were in various parts of the world, included the State of Texas.

16. Further representations by Third-Party Defendant HERNANDEZ and Third-Party Defendant VEGA was that Third-Party Defendant HERNANDEZ was interested in acquiring certain oil and gas properties and was also receiving consulting services provided by Third-Party Defendant VEGA, Third-Party Defendant ROYAL LIBERTY and Third- Party Defendant ROYAL INTERNATIONAL.

17. The manner of payment for those properties and consulting services described above was that Third-Party Defendant HERNANDEZ' debit card was to be used, the funds were then to be deposited in Defendant's trust or IOLTA account by Plaintiff, and then Defendant was to disburse those funds in accordance with Third-Party Defendant HERNANDEZ' instructions and approval.  The following Third-Party Defendant HERNANDEZ' bank account was to be to debited:

    Antonio Juarez HERNANDEZ
    BBVA Bancomer Account No. 0462919583
    Av. Reforma 76
    Mexico

18. Defendant applied with Plaintiff to provide the financial services needed by Third-Party Defendant HERNANDEZ.

19. An application was made by Defendant with Plaintiff and its related entities. Defendant provided all the information and documents that was asked by the Plaintiff and related entities acting through various representatives, including Rich Yanek and others, so that the legitimacy and the necessary background check be made prior to Plaintiff releasing any funds to Defendant.

20. Plaintiff subsequently informed Defendant that the debit card could be used to withdraw funds.

21. Defendant did so on or about February 11, 2019.

22. After some difficulty the charge was approved and funded.

23. At no time did the Plaintiff inform Defendant that Third-Party Defendant HERNANDEZ' bank, i.e. BBVA, never paid them.

24. After this initial transaction, additional transactions were approved and funded in the months that followed, including 2 transactions on or about April 23, 2019.

25. Again, Plaintiff never informed Defendant that Third-Party Defendant's bank Third-Party Defendant HERNANDEZ' bank, i.e. BBVA, never paid them.

26. Weeks later, for the very first time after transactions in the amount of approximately $235,000 had been approved and funded by Plaintiff, Defendant was informed by Plaintiff that none of the transactions had been paid by Third-Party Defendant HERNANDEZ's bank.

27. Defendant requested proof from Third-Party Defendant HERNANDEZ to provide documents indicating that his account had been debited since he continuously

represented to Defendant that his bank account, indeed, had been debited the funds.

28. Defendant also requested that Plaintiff provide documents from its bank or financial department indicating that the funds had been requested from Third-Party Defendant HERNANDEZ' bank and had never been paid. Plaintiff failed to provide any documents showing that they sought collection from Third-Party Defendant HERNANDEZ' bank and never got paid.

29. Defendant was in the position of having its client, Third-Party Defendant HERNANDEZ, assuring Defendant that his bank account had been debited the $235,000, but not providing proof, and Plaintiff saying they had not been paid but not providing proof of non-payment to Defendant.

30. Both Plaintiff and Third-Party Defendant HERNANDEZ knowingly, falsely, and materially represented to Defendant that the account was in order, and continually funded the transactions. In fact, Plaintiff subsequently increased the the amount per transaction.

31. Defendant relied to its detriment in the false, misleading, intentional, fraudulent statements made by that were made by Plaintiff, Third-Party Defendant HERNANDEZ and even Third-Party Defendant VEGA, Third-Party Defendant ROYAL LIBERTY and Third- Party Defendant ROYAL INTERNATIONAL. The statements were made with the intention that Defendant rely on them, which Defendant did, to Defendant's detriment.

32. Upon information and belief, Third-Party Defendant VEGA, acting individually and on behalf of Third-Party Defendant Royal Liberty and Royal International, joined

Third-Party Defendant HERNANDEZ in obtaining the $234,000 at issue in this case, knowing that Third-Party Defendant HERNANDEZ' bank account was non-existent or did not have the funds to cover the transactions. This was done pursuant to an agreement among themselves to obtain the funds from Plaintiff and subsequently from Defendant, with the intent to defraud both Plaintiff and Defendant.

33. All of this was to damage both Plaintiff and Defendant, which they did.

### D. COUNT 1— BREACH OF CONTRACT BY THIRD PARTY DEFENDANT ANTONIO JUAREZ HERANDEZ

34. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

35. Third-Party Defendant is liable to defendant for all or part of Plaintiff's claim against Defendant because he breached the contract.

36. Third-Party Defendant Antonio Juarez HERNANDEZ is liable to Defendant because he breached his contract with Defendant.

37. On February 27, 2019, Defendant and Third-Party Defendant HERNANDEZ executed a valid and enforceable written contract.

38. The contract provided that Third-Party Defendant HERNANDEZ' bank account could be debited to fund its disbursements that he requested and authorized.

39. Third-Party Defendant HERNANDEZ failed and refuses to permit his bank to pay Plaintiff for the disbursed sums that Plaintiff made to Defendant who in turned disbursed to Cross-Defendant VEGA, Third-Party Defendant Royal Liberty, Third-Party Defendant Royal International and a few others.

40. Defendant fully performed its contractual obligations.

41. Third-Party Defendant HERNANDEZ' breach has caused Defendant damages in excess of $250,000.

### E.  COUNT 2— BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING BY THIRD PARTY DEFENDANT ANTONIO JUAREZ HERANDEZ

42. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

    Third-Party Defendant HERNANDEZ had a duty of good faith and fair dealing that is implied in the legal services agreement with Defendant.

43. Third-Party Defendant HERNANDEZ breached the duty of good faith and fair dealing by refusing to authorize his bank to pay Plaintiff the sums that were advanced to Defendant pursuant to Third-Party Defendant HERNANDEZ direction and request.  Additionally, but failing to provide proof to Defendant that his bank account had been debited by Plaintiff or its related entities as he represented to Defendant.  Alternatively, by representing to Defendant that he had sufficient funds to pay for the requested disbursements when in fact, he did not.

44. As a result of Third-Party Defendant HERNANDEZ wrongful acts as set out above, Defendant has suffered substantial damages in an amount to be determined by the Court or trier of fact, but not less than $235,077.07 plus interest, attorneys fees, and costs of court.

### F.  COUNT 3-FRAUD BY THIRD-PARTY DEFENDANT ANTONIO JUAREZ HERNANDEZ

45. Defendant realleges and incorporates the preceding paragraphs as if set forth fully herein.

46. Cross-Defendant HERNANDEZ knowingly made a material false representation of

fact, to Defendant for the purpose of inducing Defendant to enter into the agreement for legal services, and the Defendant relied on his representations that he was a businessman of substantial means, and that there would be sufficient funds in his bank account to cover any and all disbursements that he directed be made by Defendant on his behalf, and the Defendant's reliance caused Defendant injuries and damages.

### G.   COUNT 4-CIVIL CONSPIRACY TO DEFRAUD BY THIRD PARTY DEFENDANTS ANTONIO JUAREZ HERANDEZ, CROSS-DEFENDANT NEREYDA VEGA, CROSS-DEFENDANT ROYAL LIBERTY AND CROSS DEFENDANT ROYAL INTERNATIONAL

47.  Third-Party Defendants ANTONIO JUAREZ HERANDEZ, CROSS-DEFENDANT NEREYDA VEGA, CROSS-DEFENDANT ROYAL LIBERTY AND CROSS-DEFENDANT ROYAL INTERNATIONAL agreed to defraud Defendant and Plaintiff by unlawful means.

48.  Specifically, Third-Party Defendants ANTONIO JUAREZ HERANDEZ, CROSS-DEFENDANT NEREYDA VEGA, CROSS-DEFENDANT ROYAL LIBERTY AND CROSS-DEFENDANT ROYAL INTERNATIONAL falsely represented that Cross-Defendant HERNANDEZ was an international wealthy businessman with businesses and ventures in various parts of the world, that he had sufficient funds to pay for all his business transactions, and requests for disbursements to his co-conspirators, that he had various legitimate business dealings with his co-conspirators who are CROSS-DEFENDANT NEREYDA VEGA, CROSS-DEFENDANT ROYAL LIBERTY AND CROSS-DEFENDANT ROYAL INTERNATIONAL, when in truth and in fact, he did not have sufficient funds in his bank account to pay for his requested disbursements by the Defendant and never

intended to pay Plaintiff for the advance of funds to Defendants for disbursement to his co-conspirators described above.

49. The agreement to defraud Defendant and Plaintiff proximately caused injury or damages to Defendant.

## H. PRAYER

50. For these reasons, Defendant asks for judgment against all the Third-Party Defendants, jointly and severally, and for all other relief the Court deems appropriate.

51. For these reasons, Defendant asks the Court to do the following:

   a. Render judgment that Plaintiff take nothing.

   b. Award Defendant attorney fees.

   c. Render judgment against all of the Third-Party Defendants, jointly and severally.

   d. Dismiss Plaintiff's suit with prejudice.

   e. Assess costs against Plaintiff.

   f. Award Defendant all other relief the Court deems appropriate.

Respectfully Submitted,

By: _____
FRANCISCO J. RODRIGUEZ, PRO SE
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415
frankr@mcallenlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served to the following counsel of record on this 6th day of July, 2020, to wit:

| | |
|---|---|
| John W. Peterson | VIA E-MAIL: john.peterson@polsinelli.com |
| Polsinelli, PC | |
| 401 Commerce St., Ste. 900 | |
| Nashville, TN 37219 | |
| *Attorney for Plaintiff* | |

_____
FRANCISCO J. RODRIGUEZ