UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| CARDCONNECT, LLC<br>　　PLAINTIFF,<br><br>VS.<br><br>LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ,<br>　　DEFENDANTS/THIRD-PARTY PLAINTIFF | § § § § § § § § § § § § | CASE NO. 2:20-CV-01526 |
| LAW OFFICE OF FRANCISCO J. RODRIGUEZ AND FRANCISCO J. RODRIGUEZ,<br>　　DEFENDANTS/THIRD-PARTY PLAINTIFF<br><br>VS.<br><br>ANTONIO JUAREZ HERNANDEZ, NEREYDA VEGA, ROYAL LIBERTY OIL LEASING, LLC, AND ROYAL INTERNATIONAL INVESTMENT GROUP, LLC,<br>　　THIRD-PARTY DEFENDENTS. | § § § § § § § § § § § § § § § | CASE NO. 2:20-CV-01526 |

## **DEFENDANTS' MOTION FOR SUBSTITUTED SERVICE**

Defendants/Third-Party Plaintiffs Law Office of Francisco J. Rodriguez and Francisco J. Rodriguez (collectively "the FJR parties") file this Motion for Substitute Service on Third-Party Defendants Antonio Juarez Hernandez, Neryeda Vega, Royal Liberty Oil Leasing, LLC, and Royal International Investment Group, LLC (collectively "Third-Party Defendants) pursuant to Federal Rule of Civil Procedure 4(e)(1), and respectfully shows the Court as follows:

### I. BACKGROUND

1.　　This lawsuit seeks damages against the FJR parties for breach of contract,

breach of duty of good faith and fair dealing, conversion, unjust enrichment, and quantum meruit. Plaintiff alleges that three separate transfers involving $50,000.00, $85,000.00 and $99,999.99 were deposited into the FJR parties' account in error, and that the credit card belonging to Third-Party Defendant Antonio Juarez Hernandez was never charged. The FJR parties filed a Third-Party Complaint to bring in Third-Party Defendants, as the account belonging to Third-Party Defendant Antonio Juarez Hernandez was supposed to fund the transactions but did not. The FJR parties alleged causes of action against Third-Party Defendant Antonio Juarez Hernandez for breach of contract, breach of duty of good faith and fair dealing, and fraud. The FJR parties alleged civil conspiracy to defraud against all Third-Party Defendants.

2.   The FJR parties filed the Third-Party Complaint on July 6, 2020, but have been unable to serve all Third-Party Defendants, despite attempts to do so. According to Jeremy Garate, a private process server, he attempted to serve Third-Party Defendants Nereyda Vega, Royal Liberty Oil Leasing, LLC, and Royal International Investment Group, LLC, on the following dates and times but was unsuccessful: July 30, 2020, at 1:00 p.m., August 4, 2020, at 10:00 a.m., and August 6, 2020, at 9:10 a.m. See **Exhibit "A"**, Affidavit of Due Diligence. The FJR parties now seek leave of Court to effect substitute service on all Third-Party Defendants.

## DISCUSSION

3.   Federal Rule of Civil Procedure 4(e) allows service upon an individual "pursuant to the law of the state in which the district court is located or where service is made." Because service is being made in Texas, it will look to Texas authority for service of process.

4. Because of its greater reliability, "Texas law prefers personal service over substitute service." *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App. 2003). Texas Rule of Civil Procedure 106(a) sets out the methods of personal service in Texas:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1), (a)(2).

5. Where proof of actual notice under Rule 106(a) is impractical, however, substitute service exists to allow plaintiffs to effect service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298 (Tex. 1993). "Under Rule 106(b) a court may authorize substituted service only after a plaintiff has unsuccessfully tried to effect personal service or service by certified mail, return receipt requested, as required by Rule 106(a)." *Id.* That Rule states in part:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under wither [Rule 106](a)(1) or (a)(2) at the location named in the affidavit but has not been successful, the court may authorize service.

Tex. R. Civ. P. 106(b). Upon receipt of an affidavit declaring that attempts under Rule 106(a)(1) or Rule 106(a)(2) have been unsuccessful, a court may authorize substitute service, which, shown from the affidavit or other evidence, is reasonably calculated to

provide notice. *Costly*, 868 S.W.2d at 299.

6.   The Texas Supreme Court recently amended its Rules of Civil Procedure to allow service via social media. Rule 106(b) now provides that substitute service can be effectuated "in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *Order Amending Texas Rules of Civil Procedure 106 and 108a*, (Aug. 21, 2020), https://www.courthousenews.com/wp-content/uploads/2020/08/209103.pdf (last visited September 4, 2020).

7.   When a court has ordered substituted service pursuant to Rule 106, the only authority for the substituted service is the order itself. *Dolly v. Aethos Comm. Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App. 2000). Therefore, the requirements set forth in the order must be strictly followed.

8.   In this case, the FJR parties have shown by affidavit that they have attempted service on Third-Party Defendants Nereyda Vega, Royal Liberty Oil Leasing, LLC, and Royal International Investment Group, LLC. These entities have closed down due to COVID-19, but still operate Facebook websites. Accordingly, the FJR parties request that they be able to serve these parties via substitute by serving the summons and complaint electronically via social media.

Respectfully Submitted,

By: *Francisco Javier Rodriguez*
FRANCISCO J. RODRIGUEZ, PRO SE
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415
frankr@mcallenlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served to the following counsel of record on this 4th day of September, 2020, to wit:

VIA E-MAIL: john.peterson@polsinelli.com

John W. Peterson
Polsinelli, PC
401 Commerce St., Ste. 900
Nashville, TN 37219
*Attorney for Plaintiff*

_____
FRANCISCO J. RODRIGUEZ