

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| CARDCONNECT, LLC<br>  PLAINTIFF,<br><br>VS.<br><br>LAW OFFICE OF FRANCISCO J.<br>RODRIGUEZ and FRANCISCO J.<br>RODRIGUEZ,<br>  DEFENDANTS/THIRD-PARTY<br>  PLAINTIFF | § § § § § § § § § § | CASE NO. 2:20-CV-01526 |
| LAW OFFICE OF FRANCISCO J.<br>RODRIGUEZ AND FRANCISCO J.<br>RODRIGUEZ,<br>  DEFENDANTS/THIRD-PARTY<br>  PLAINTIFF<br><br>VS.<br><br>ANTONIO JUAREZ HERNANDEZ,<br>NEREYDA VEGA, ROYAL LIBERTY<br>OIL LEASING, LLC, AND ROYAL<br>INTERNATIONAL INVESTMENT GROUP,<br>LLC,<br>  THIRD-PARTY DEFENDENTS. | § § § § § § § § § § § § § § § | CASE NO. 2:20-CV-01526 |

### AFFIDAVIT OF FRANCISCO J. RODRIGUEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| HIDALGO COUNTY | § |

Before me, the undersigned notary, on this day personally appeared FRANCISCO J. RODRIGUEZ, the affiant, whose identity is known to me. After I administered an oath, the affiant testified as follows:

1. "My name is FRANCISCO J. RODRIGUEZ and is also known as Frank Rodriguez. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      Additionally, I am providing facts obtained from a review of my law office business records of which I am the custodian of records. The emails attached to the my response to CardConnect's Motion for Summary Judgment are records kept by my Law Office of Francisco J. Rodriguez in the regular course of business, and it was the regular practice of my law office for me, an employee or representative with personal knowledge of the act, event, or condition recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter. The attached records to the response are exact duplicates of the original.

3.      I am a member in good standing of the State Bar of Texas since November 1979.

4.      I currently have a law practice at 1111 W. Nolana, Suite A, McAllen, Texas 78504. The name of my law practice is the Law Office of Francisco J. Rodriguez. It is not a corporate entity. My law practice's complete name is Francisco J. Rodriguez, d/b/a the Law Office of Francisco J. Rodriguez. It is a small law practice consisting of myself and 2 associates.

5.      The persons who are mentioned in this affidavit and their connection to this case are as follows:

   a.   **Efraim Ochoa**. He is the office manager for my law office of Francisco J. Rodriguez. His duties and responsibilities are to administratively run the office. He is in charge of payroll, maintaining the bank accounts, opening new accounts with vendors, suppliers, paying all bills and expenses incurred with the operation of the building, dealing with vendors or parties who do business with the law office such as Card Connect, and all other administrative tasks that are necessary to the operation of a law practice other than dealing with clients or dealing with legal issues.

   b.   **Daniel Flores.**  My client who initially contacted me regarding possibly representing Mr. Antonio Juarez Hernandez.

   b.   **Antonio Juarez Hernandez.** My client who authorized the use of his bank debit card.

   c.   **Nereyda Vega.** A principal of Royal Liberty Leasing, LLC. She and Royal Oil Leasing, LLC received a substantial amount of the funds which Plaintiffs are suing Defendants. She is a third party defendant in this lawsuit.

   d.   **Royal Liberty Oil Leasing, LLC.** This company is runned by Nereyda Vega and receive substantial amount of the funds for which Plaintiffs are suing Defendants. She is a third party defendant in this lawsuit.

   e.   **Royal International Investment Group, LLC.** This works closely with Nereyda Vega, and Royal Leasing, LLC. It received a substantial amount of the funds for which Plaintiffs are suing Defendants. It is a third party defendant in this lawsuit.

       i.      **Kevon Lakeman.** Card Connect's representative assigned to collect debts.

6. On or about late January, 2019, I was contacted by a former client, named Daniel Flores, who informed me there was a person named Antonio Juarez Hernandez who wanted to invest substantial funds in Texas, and needed legal assistance. Mr. Flores informed me that Mr. Hernandez was reputed to be an extremely wealthy person and was seeking an attorney to represent him in business transactions in the local area and in the State of Texas. Mr. Flores indicated that Mr. Hernandez had some people here locally who were involved with him on some deals involving oil leases and other matters. Those people and business entities were Nereyda Vega, Royal Liberty Oil Leasing, LLC, and Royal International Investment Group, LLC., who are all currently Third Party Defendants in this lawsuit. Contact was made with Mr. Antonio J. Hernandez who authorized the use of his debit card to transfer money to fund his business investments and pay his legal fees.

7. I directed my office manager, Efraim Ochoa to contact some credit card companies that could handle the debit card transaction in the amounts that were needed to service the needs of Mr. Antonio Juarez Hernandez. Mr. Ochoa contacted or looked in several credit card companies, once of which was CardConnect. This was set up to set up an account so Mr. Hernandez' authorized representative could bring us the debit card to use with Card Connect equipment to debit Mr. Hernandez' bank account, which was BBVA Bancomer Account No. 0462919583, at Av., Reforma 76, Mexico.

8. The application was made with CardConnect. I was sent some documents regarding the account. A Username and Password were assigned to my law office so I could monitor the transactions with Card Connect.

9. My account with Card Connect *(not to be confuse with my bank accounts)* shows the following transactions:

    a. 2-13-2020   $50,000 was funded.

    b. 4-25-2020   $184,999.99 was funded.

    c. 5-3-2019    $234,999.99 was debited.

    d. 5-7-2020    $234,999.99 was funded.

    e. 5-20-2019 $234,999.99 was debited.

    f. 5-23-2019 $234,999.52 was credited

10. On or about February 11, 2019 the first transaction for $50,000 was attempted at Mr. Hernandez' direction and after the account with CardConnect had been established. The transaction resulted in $50,000.00 being transferred to my IOLTA account but immediately CardConnect attempted to debit the same amount from my operating account. This resulted in a

hold on the account because of insufficient funds in the operating account.

11. Mr. Cliff Roberts with Card Connect contacted me to provide information that was needed to complete the "sale," including (1) the cardholder's name and billing address; (2) delivery timeframe for product/service; (3) updated projection for future similar activity; and (4) three months bank statements. **(See Exhibit 3).**

12. After the requested information was supplied to Card Connect, the hold was released. At no time during this first transaction was there any discussion between CardConnect and either myself or Efraim Ochoa that Mr. Hernandez's card was fraudulent, or that Mr. Hernandez's account had not been debited.

13. I documented my legal agreement with Mr. Hernandez in writing and he signed and returned it to me on or about February 18, 2019. **(See Exhibit 2).**

14. On March 29, 2019, I requested Efraim Ochoa to contact Cliff Roberts to ask if the monthly deposit limit could be increased to $200,000 as had been requested by Mr. Hernandez. Cliff Roberts requested that I provide him a letter requesting the increase. I drafted the letter the same day and provided it to Cliff Roberts. **(See Exhibit 3)**

15. On April 12, 2019 Cliff Roberts advised that CardConnect approved the limit increase I requested. **(See Exhibit 4)**

16. On or about April 23, 2019, and pursuant to the limit increase provided by CardConnect, I ran the debit card purportedly belonging to Mr. Herandez for two transactions: (1) $85,000; and (2) 99,999. The funds were placed into my IOLTA trust account. CardConnect again attempted to claw back the funds from my operating account, again resulting in a hold since the operating account had insufficient funds. The hold prevented my firm from paying for day to day transactions.

18. Cliff Roberts explained on April 24, 2019 that we would need to submit "contracts and invoices" to get the hold removed. He advised that CardConnect ***would not*** need a six-digit authorization code from Mr. Hernandez's bank. I provided a letter from Mr. Hernandez authorizing the transactions, and Efraim emailed the letter and our contract to Cliff Roberts. The hold was then removed on my operating account shortly thereafter.

19. CardConnect did not begin indicating to us that the transactions were fraudulent until late May, 2019. On May 24, 2019, Rich Yanek requested that Efraim Ochoa provide documentation from Mr. Hernandez's bank account showing Mr. Hernandez's account was debited on May 24, 2019. **(See Exhibit 6, ¶ 9).** Mr. Hernandez was adamant that his account was debited when we asked him to provide bank statements. Rich Yanek then provided Efraim Ochoa with a spreadsheet showing the card was declined on May 28, 2019. **(See Exhibit 6, ¶ 9).** On May 30, 2019 CardConnect confirmed that Mr. Hernandez's card was fraudulent and that his account had not been debited. At no time prior to these events was I aware of these facts. Had CardConnect advised back in February that the funds from the original transaction were never collected from Mr. Hernandez's bank, I certainly would not have proceeded to run the two subsequent transactions in

April, 2019, and I would not have requested an increase to the monthly deposit limit to $200,000 back in March, 2019.

20. I made numerous efforts to have Mr. Hernandez return the money to CardConnect, but Mr. Hernandez became unresponsive. Due to his lack of cooperation, I withdrew my representation on November 25, 2019 **(See Exhibit 8).**

FRANCISCO J. RODRIGUEZ

Sworn to and subscribed before me by FRANCISCO J. RODRIGUEZ on November 20, 2020.

Notary Public, State of Texas

Norma Lee Marichalar
My Commission Expires
03/20/2023
ID No. 131938698