**EXHIBIT 10**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TEH SHOU KAO and T S KAO, INC.,** on behalf of themselves and all others similarly situated,<br><br>        **Plaintiffs,**<br> v.<br><br>**CARDCONNECT CORP.,**<br>        **Defendant.** | Civil Action No. 2:16-cv-05707<br><br>HON. WILLIAM J. DITTER |

### DEFENDANT CARDCONNECT'S AMENDED RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS

  Defendant CardConnect Corporation ("CardConnect") does hereby object and respond to Plaintiffs' Request for Admissions.

  1. CardConnect has not fully completed its investigation and discovery of all matters that may be within the scope of these Requests. The following Responses are made to the best of CardConnect's present knowledge, are based upon information currently known to CardConnect and are given without prejudice to its right to change, supplement, and/or clarify its Responses, if necessary.

  2. CardConnect objects to Plaintiff's Requests to the extent they seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or another privilege.

  3. CardConnect objects to Plaintiff's Requests to the extent they call for disclosure of information that is beyond the permissible scope of discovery.

  4. CardConnect objects to Plaintiff's Requests to the extent they seek information that is confidential or proprietary.

5.  CardConnect objects to Plaintiff's Requests to the extent they are overbroad, unduly burdensome, vague, ambiguous, or not reasonably calculated to lead to the discovery of admissible evidence.

6.  CardConnect objects to the Requests to the extent that they call for production of publicly available information, information that could be obtained from Plaintiff, or other sources that are more convenient, less burdensome, or less expensive.

7.  In responding, CardConnect does not concede the relevance, materiality, or admissibility of any answer, response, or document and hereby preserves all such objections.

8.  CardConnect expressly reserves the right to object to further discovery on the subject matter of any of these Requests.

9.  Subject to and without waiving the foregoing General Objections, which are incorporated herein by reference, CardConnect responds as follows:

## REQUESTS FOR ADMISSIONS

REQUEST NO. 1: **Admit that Wells Fargo Bank, N.A. has never signed Plaintiff's Merchant Processing Application ("the Application")** (*see* **Dkt. No. 11-1).**

RESPONSE: CardConnect admits that Wells Fargo Bank N.A. did not sign CardConnect's copy of Plaintiff T.S.Kao's Application. CardConnect denies that a "signature" was required for the Application to be accepted.

REQUEST NO. 2: **Admit that, to Your knowledge, Plaintiffs have never signed any writing waiving any provision of the Application.**

RESPONSE: Denied.

REQUEST NO. 3: **Admit that, to Your knowledge, Wells Fargo Bank, N.A. has never signed any writing waiving any provision of the Application.**

RESPONSE: CardConnect objects to this Request on the ground that it is overbroad and vague. Without waiver of the foregoing objections after a reasonable inquiry, CardConnect is unable and without knowledge or information sufficient to admit or deny the Request as worded. CardConnect has made a reasonable inquiry that included reviewing documents concerning Plaintiff T.S. Kao, Inc. and the Application and Program Guide applicable to T.S. Kao, Inc. and it has spoken with employees with knowledge of T.S.Kao's account, but is unable to respond to this Request as worded because it is unclear what is meant by "never signed any writing waiving any provision of the Application." By way of further response, CardConnect and Wells Fargo Bank have been providing credit card processing services to T.S. Kao in accordance with the terms of the Application and Program Guide since April 2016 and T.S.Kao has accepted and paid for those credit card processing services in accordance with terms of the Application and Program Guide even though CardConnect has no knowledge of a Wells Fargo Bank authorized representative physically signing T.S. Kao's Application. To the extent, Plaintiffs contend that a physical signature of an authorized Wells Fargo Bank representative is a requirement under the Application, CardConnect denies this Request based on the on-going performance of CardConnect, Wells Fargo Bank and Plaintiff under the terms of the Application and Program Guide.

REQUEST NO. 4: **Admit that, to Your knowledge, Plaintiffs made no factual misrepresentations to You during Your and Plaintiffs' course of dealings**.

RESPONSE: CardConnect objects to this Request on the ground that it is premature and seeks information in the knowledge of a third party. Without waiver of the foregoing objection, after a reasonable inquiry CardConnect is unable and without knowledge or information sufficient to admit or deny the Request. By way of further response, CardConnect has made a reasonable inquiry that included reviewing documents related to the credit card processing services T.S.Kao has received and continues to receive, but it has not spoken to Plaintiffs or taken Plaintiffs' deposition to determine all the factual statements that Plaintiffs claim they may or may not have made, in order to determine what statements were false.

REQUEST NO. 5: **Admit that prior to the inception of this litigation, You never provided any notice to Plaintiffs that You had not signed the Application.**

RESPONSE: Denied.

REQUEST NO. 6: **Admit that, from November 1, 2012 to the date this lawsuit was filed, it was Your general practice not to have a person authorized to sign on your behalf sign Merchant Processing Applications that had been signed by new customers.**

RESPONSE: CardConnect objects to this Request on the ground that the phrase "general practice" is undefined and therefore the Request is vague and ambiguous. Without waiver of the foregoing objection, CardConnect admits that it did not have a policy requiring employees to physically sign Merchant Processing Applications. CardConnect denies that a signature was required for the Merchant Processing Applications to be enforceable.

-4-

REQUEST NO. 7: Admit that, from November 1, 2012 to the date this lawsuit was filed, it was Your general practice not to require that an authorized representative from Wells Fargo Bank, N.A. sign Merchant Processing Applications that had been signed by new customers.

RESPONSE: CardConnect objects to this Request on the ground that the phrase "general practice" is undefined and therefore the Request is vague and ambiguous. Without waiver of the foregoing objection, CardConnect admits that it did not have a policy requiring an authorized representative of Wells Fargo Bank to physically sign Merchant Processing Applications. By way of further response, CardConnect denies that a signature of an authorized representative of Wells Fargo Bank was required for the Merchant Processing Applications and Program Guides to be enforceable. CardConnect and Wells Fargo Bank have been providing credit card processing services to T.S.Kao in accordance with the terms of the Application and Program Guide since April 2016 and T.S.Kao has continued to accept and pay for the services provided in accordance with the terms of the Application and Program Guide.

REQUEST NO. 8: Admit that Wells Fargo Bank, N.A. was the applicable member bank for all of your interactions with Plaintiffs.

RESPONSE: Admitted.

REQUEST NO. 9: Admit that, since the filing of this lawsuit, You have instituted a policy to require that all new Merchant Processing Applications be signed by an authorized representative of CardConnect.

RESPONSE: Denied.

-5-

REQUEST NO. 10: **Admit that, since the filing of this lawsuit, You have instituted a policy to require that all new Merchant Processing Applications be signed by an authorized representative of the applicable member bank.**

RESPONSE: Denied.

REQUEST NO. 11: **Admit that MasterCard did not waive its requirement that the applicable member bank sign the Application.**

RESPONSE: CardConnect objects to this Request on the ground that it is premature and seeks information in the knowledge of a third party. CardConnect also objects on the ground that it is not aware of a MasterCard requirement that an applicable member bank was required to physically sign T.S. Kao's Application and Program Guide for them to be enforceable. Without waiver of the foregoing objections, CardConnect has been providing credit card processing services to T.S. Kao in accordance with the terms of the Application and Program Guide since April 2016 and during this time MasterCard transactions initiated by T.S. Kao have been processed through CardConnect. Since April 2016, T.S.Kao has paid for credit card processing services in accordance with terms of the Application and Program Guide. Thus, to the extent, MasterCard had a requirement that a member bank must sign T.S. Kao, Inc.'s Application or Program Guide for those documents to be enforceable, the Request is denied.

REQUEST NO. 12: **Admit that Visa did not waive its requirement that the applicable member bank sign the Application.**

RESPONSE: CardConnect objects to this Request on the ground that it is premature and seeks information in the knowledge of a third party. CardConnect also objects on the ground that it is not aware of a Visa requirement that an applicable member bank was required to physically sign T.S. Kao's Application and Program Guide for them to be

enforceable. Without waiver of the foregoing objections, CardConnect has been providing credit card processing services to T.S. Kao in accordance with the terms of the Application and Program Guide since April 2016 and during this time Visa transactions initiated by T.S. Kao have been processed through CardConnect. Since April 2016, T.S.Kao has paid for credit card processing services in accordance with terms of the Application and Program Guide. Thus, to the extent, Visa had a requirement that a member bank must sign T.S. Kao, Inc.'s Application or Program Guide for those documents to be enforceable, the Request is denied.

REQUEST NO. 13: **Admit that MasterCard did not waive any of its standard requirements as to the Application.**

RESPONSE: CardConnect objects to this Request on the ground that it is premature and seeks information in the knowledge of a third party. CardConnect also objects because the MasterCard "standard requirements" referenced in this Request are not defined and it is unknown what requirements Plaintiffs are relying on. Without waiver of the foregoing objections, after a reasonable inquiry involving reviewing Plaintiff T.S. Kao Inc.'s Application and Program Guide and speaking to employees familiar with the T.S. Kao, Inc. account, CardConnect is unable and without knowledge or information sufficient to admit or deny the Request. To the extent the "standard requirements" referenced in this Request are a purported requirement that an authorized representative of a member bank must physically sign T.S. Kao Inc.'s Application or Program Guide for those documents to be enforceable, the Request is denied. To the extent the Request is broader, CardConnect needs additional information as to the "standard requirements" referenced in this Request to have sufficient knowledge to respond.

REQUEST NO. 14:   **Admit that Visa did not waive any of its standard requirements as to the Application.**

RESPONSE: CardConnect objects to this Request on the ground that it is premature and seeks information in the knowledge of a third party. CardConnect also objects because the Visa "standard requirements" referenced in this Request are not defined and it is unknown what requirements Plaintiffs are relying on. Without waiver of the foregoing objections, after a reasonable inquiry involving reviewing Plaintiff T.S. Kao Inc.'s Application and Program Guide and speaking to employees familiar with the T.S. Kao, Inc. account, CardConnect is unable and without knowledge or information sufficient to admit or deny the Request. To the extent the "standard requirements" referenced in this Request are a purported requirement that an authorized representative of a member bank must physically sign T.S. Kao Inc.'s Application or Program Guide for those documents to be enforceable, the Request is denied. To the extent the Request is broader, CardConnect needs additional information as to the "standard requirements" referenced in this Request to have sufficient knowledge to respond.

REQUEST NO. 15:   **Admit that You have not informed MasterCard of Your practice (or former practice) of not signing at least some Merchant Processing Applications.**

RESPONSE: Denied.

REQUEST NO. 16:   **Admit that You have not informed Visa of Your practice (or former practice) of not signing at least some Merchant Processing Applications.**

RESPONSE: Denied.

<u>REQUEST NO. 17</u>: **Admit that You have not informed MasterCard of Your practice (or former practice) of not requiring the applicable member bank to sign a Merchant Processing Application before beginning to process transactions under such Merchant Processing Application.**

<u>RESPONSE</u>: Denied.

<u>REQUEST NO. 18</u>: **Admit that You have not informed Visa of Your practice (or former practice) of not requiring the applicable member bank to sign a Merchant Processing Application before beginning to process transactions under such Merchant Processing Application.**

<u>RESPONSE</u>: Denied.

<u>REQUEST NO. 19</u>: **Admit that You have not informed Wells Fargo Bank, N.A. of this lawsuit.**

<u>RESPONSE</u>: Admitted.

<u>REQUEST NO. 20</u>: **Admit that, since the filing of this lawsuit, You have signed certain Merchant Processing Applications that had not been signed previously.**

<u>RESPONSE</u>: CardConnect objects to this Request as vague and ambiguous as it is not known what is meant by "certain Merchant Processing Applications that had not been signed previously." Without waiver of this objection, CardConnect admits that it did not undertake to physically sign Merchant Processing Applications after a merchant was approved to utilize its services. CardConnect denies that a physical signature was required for the Merchant Processing Applications to be enforceable.

-9-

Case 1:16-cv-05707-GJP Document 28-1 Filed 11/20/03 Page 10 of 10

        /s/ Angelo A. Stio
        Angelo A. Stio III
        Jan P. Levine
        Meredith C. Sherman
        PEPPER HAMILTON LLP
        3000 Two Logan Square
        Eighteenth & Arch Streets
        Philadelphia, PA 19103-2799
        (215) 981-4000
        levinej@pepperlaw.com
        stioa@pepperlaw.com

        *Attorneys for Defendant CardConnect Corp.*