UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| CARDCONNECT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ, <br><br> Defendants. <br><br> _____ <br><br> LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ, <br><br> Third-Party Plaintiff <br><br> v. <br><br> ANTONION JUAREZ HERNANDEZ; NEREYDA VEGA; ROYAL LIBERTY OIL LEADINGS, LLC; AND ROYAL INTERNATIONAL INVESTMENT GROUP, LLC <br><br> Third-Party Defendants | Case No. 2:20-cv-01526 |

**PLAINTIFF CARDCONNECT, LLC'S
<u>RESPONSE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

Rodriguez does not dispute[1] that he breached the terms of the Agreement.[2] Instead, in a desperate effort to avoid the ramifications of his breaches, Rodriguez claims the Agreement is

---

[1] Local Rule 56.1 requires a party opposing a motion for summary judgment to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." Rodriguez has failed to do so thereby admitting each paragraph in CCN's Statement of Undisputed Material Facts ("SOF").

[2] Those breaches are outlined in Plaintiff CardConnect, LLC's Memorandum of Law in Support of its Motion for Summary Judgment ("Mot."). But, for the very first time in his Response, Rodriguez openly admits to violating Section 9 of the Agreement by splitting a transaction. (*Compare* Defs./Third-Party Pls.' Response to Pl.'s Mot. for Summ. J. ("Resp.") at 5 (explaining that "Hernandez authoriz[ed] the $184,999.99 transaction," and Rodriguez "ran the debit card purportedly belonging to Hernandez for two transactions: (1) $85,000; and (2) 99,999."), *with*

unenforceable and CardConnect, LLC ("CCN") failed to mitigate its damages. The Court should reject these attempts because they have absolutely no foundation in law or fact.

**I.     The Agreement does not require CCN's signature.**

New York Law is clear that "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound." *Ajche v. Park Ave. Plaza Owner, LLC*, 98 N.Y.S.3d 13, 16 (2019) (internal quotation marks omitted). Further, New York courts have "long held that a contract may be valid even if it is not signed by the party to be charged, provided its subject matter does not implicate a statute ... that imposes such a requirement." *Beebie v. Brighthouse Fin., Inc.*, No. 819CV0102GTSATB, 2020 WL 5763937, at *8 (N.D.N.Y. Sept. 28, 2020) (internal quotation marks omitted, emphasis added); *see also Edwards v. Farmers' Fire Ins. & Loan Co.*, 21 Wend. 467, 467 (N.Y. Sup. Ct. 1839) ("A contract for the sale of lands is valid, within the *statute of frauds*, if it be signed by the party to be charged therewith; **it is not necessary to its validity that it should be signed by both parties**." (emphasis added)). Now, for the first time, Rodriguez suddenly (and conveniently) claims the Agreement is not binding. (Resp. at 7-12.)

Rodriguez admits he (the party to be bound) signed the Agreement[3] and thereafter accepted CCN's services pursuant thereto,[4] but he claims the Agreement is not binding because CCN did not sign it. (Resp. at 7-12.) In support, Rodriguez cites the following provision:

> Merchant understands this agreement shall not take effect until Merchant **has been approved by** CardConnect and/or the Member Bank **and a merchant number is issued**.

---

Mot. Ex. A-2 § 9 ("You must not attempt to obtain multiple authorizations for a single transaction.").)

[3] Resp. at 3 ("FJR signed the 'Merchant Application and Agreement' ('Agreement') furnished by CardConnect.").

[4] Resp. at 4 (explaining Rodriguez submitted transactions to CCN).

(Mot. Ex. A-1 at 5 (emphasis added).) Contrary to Rodriguez's argument, this provision does not say that "approval" must occur via signature. In fact, the Program Guide expressly provides: "This Agreement shall become effective upon the date this Agreement is **approved by the Credit** Department." (Mot. Ex. A-2 § 30.1 (emphasis added).)[5] Here, there is no dispute CCN accepted Rodriguez's application, as evidenced by the fact that Rodriguez was assigned a merchant identification number and was allowed to submit payments through the system.

Further, the cases Rodriguez cites are irrelevant. The *Koa* and *Liberty Salad, Inc.* cases apply Pennsylvania, rather than New York, law. *Bolivian Air Force*, did not deal with a lack of signature. 618 F. Supp. 202, 206 (S.D.N.Y. 1985) ("[T]he issuance of the transfer license was expressly retained as a condition precedent to the parties' contractual obligations.") And, finally, the contract in *MHR Capital Partners* expressly required "execution" of a document. 12 N.Y.3d 640, 646 (2009) (the fax "did not fulfill the **explicit** requirement that Key Bank **execute and agree to all of the terms** contained in the consent form, as required by the escrow agreement." (emphasis added)). The Court, therefore, should reject Rodriguez's attempt to invalidate the Agreement, which he admits he signed and admits he obtained processing services under.

**II.** **Rodriguez waived the affirmative defense of unconscionability and, regardless, has failed to rebut the presumption that the Agreement is conscionable.**

In a last-ditch effort to invalidate the Agreement, Rodriguez argues it is unconscionable. But, "[u]nder New York law, unconscionability is considered an affirmative defense, and [o]rdinarily, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case." *Tokio Marine v. Macready*, 803 F. Supp. 2d 193, 199 (E.D.N.Y. 2011)

---

[5] While Rodriguez relies on the Card Brand Rules, compliance with those Rules are not a "condition precedent" and Rodriquez has provided no argument to the contrary. The same is true for Rodriguez's citation to the Confirmation Page, which states: "The Bank must be a principal (signer) to the Agreement." (Mot. Ex. A-1 at 6.)

3

75634258.5

(internal citations omitted). Here, Rodriguez failed to raise unconscionability in his Answer. (*See* Def.'s Original Answer (ECF No. 9).) This defense, therefore, has been waived. *Tokio Marine*, 803 F. Supp. 2d at 199.

Even so, Rodriguez's arguments fail. Even if the fees provision and limitation of liability were unconscionable (they are not) these provisions are not at issue in this case. And, importantly, the Agreement provides: "The parties intend every provision of this Agreement to be severable. If any part of this Agreement is not enforceable, the remaining provisions shall remain valid and enforceable." (Mot. Ex. A-2 § 46.5.) As such, Rodriguez's arguments as to these provisions are wholly irrelevant.

As to Rodriguez's duty to indemnify, he has totally failed to rebut the presumption of conscionability. *Pacs Indus., Inc. v. Cutler-Hammer, Inc.*, 103 F. Supp. 2d 570, 573 (E.D.N.Y. 2000) ("Were businessmen contract in a commercial setting, a presumption of conscionability arises."). As Rodriguez admits, "A contract is unconscionable when it is 'so **grossly** unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms.'" (Resp. at 12 (quoting *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10 (1988)) (emphasis added).) Rodriguez is an experienced attorney who is in a much better position than an average businessman to understand the contracts he signs. As such, the Court should reject this argument.

**III.   CCN tried to mitigate its damages – but Rodriguez prevented it from doing so.**

CCN tried to mitigate its damages, repeatedly. As Rodriguez has admitted, upon realizing the funds were inadvertently transferred, CCN tried to recoup the funds from Rodriguez's account. (SOF ¶¶ 23, 36.) Rodriguez, however, placed a hold on his account to prevent this. (SOF ¶¶ 24, 37.) Rodriguez's only argument is that CCN should have taken action sooner. But, in doing so,

4

Rodriguez ignores that CCN initially rejected the transactions, which put him notice of the risk. (SOF ¶¶ 16, 29.)

### IV.  Conclusion

Rodriguez's Response does nothing to contradict the legal or factual arguments in CCN's Motion for Summary Judgment. Instead, Rodriguez suddenly tries to invalidate the Agreement to avoid the repercussions of his actions. As explained above, these arguments are without merit. The Court, therefore, should grant CCN's Motion for Summary Judgment against Rodriguez.

DATED: November 30, 2020

Respectfully submitted,

POLSINELLI PC

By: */s/ John Peterson*
John W. Peterson (#5394200)
401 Commerce Street, Suite 900
Nashville, TN  37219
john.peterson@polsinelli.com
(615) 259-1510
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email, on the following counsel of record or registered agent this 30th day of November, 2020:

Francisco J. Rodriguez
1111 West Nolana, Suite A
McAllen, Texas 78504
frankr@mcallenlawfirm.com

                                                */s/ John Peterson*
                                                     John W. Peterson

75634258.5