IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| **CARDCONNECT, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:20-cv-01526 |
| **LAW OFFICE OF FRANCISCO J.** | § | |
| **RODRIGUEZ and FRANCISCO J.** | § | |
| **RODRIGUEZ,** | § | |
| Defendant. | § | |
| **LAW OFFICE OF FRANCISCO J.** | § | |
| **RODRIGUEZ and FRANCISCO J.** | § | |
| **RODRIGUEZ** | § | |
| Defendant/Third-Party Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| **ANTONIO JUAREZ HERNANDEZ,** | § | |
| **NEREYDA VEGA, ROYAL LIBERTY** | § | |
| **OIL LEASING, LLC, AND ROYAL** | § | |
| **INTERNATIONAL INVESTMENT** | § | |
| **GROUP, LLC** | § | |
| Third-Party Defendants | § | |

**DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY <u>JUDGMENT</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

      COMES NOW LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ ("FJR"), Defendants/Third-Party Plaintiffs, and files this Motion for Leave to File Supplemental Response to Plaintiff CARDCONNECT, LLC's ("CardConnect") Motion for Summary Judgment, and respectfully shows as follows:

1

## INTRODUCTION

1. On October 23, 2020, CardConnect served FJR with a Motion for Summary Judgment solely on its breach of contract claim, and filed a letter noting the service of the Motion in accordance with this Court's individual rules. (Doc. 26).

2. CardConnect did not file and serve FJR, who is a *pro se* litigant, with a "Notice to *Pro Se* Litigant Who Opposes a Summary Judgment" pursuant to Local Civil Rule 56.2 which must contain, *inter alia*, the full text of Local Civil Rule 56.1.

3. FJR served his Response to the Motion for Summary Judgment on CardConnect on November 20, 2020. The Response did not contain a corresponding Statement of Material Facts pursuant to Local Civil Rule 56.2(b).

4. CardConnect filed the Motion for Summary Judgment and its Reply to FJR's Response on November 30, 2020. (Docs. 29, 31). In its Reply, CardConnect relies on the lack of a corresponding Statement of Material Facts from FJR to assert that its Motion should granted as all the statements in its Statement of Material Facts should be deemed admitted. For the reasons set out below, FJR requests leave to file a supplemental response to CardConnect's Motion for Summary Judgment.

## EXHIBITS IN SUPPORT OF MOTION

5. In support of this Motion, FJR submits the following exhibits:

    a. **Exhibit A** – Proposed Supplemental Response

## ARGUMENT

**A. Legal Standards**

6. Local Civil Rule 56.2 provides that any represented party moving for summary judgment against a *pro se* party "shall serve and file as a separate document,

together with the papers in support of the motion, the following 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached." Fed. Proc. Rules Service, Dist. Court for the S. & E. Dist. Of N.Y., Rule 56.2. The failure to comply with this rule "ordinarily results in reversal of a grant of summary judgment, regardless of the strength of the movant's motion, unless it is clear that the *pro se* party understood the nature and consequences of summary judgment." *Forsyth v. Federation Employment and Guidance Service*, 409 F.3d 565, 570 (2nd Cir. 2005) *abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007).

7.     A *pro se* litigant is not deemed to understand the consequences of the summary judgment motion simply because the litigant files a response to the opposing party's motion for summary judgment. *Id.* at 571; *Vital v. Interfaith Medical Center*, 168 F.3d 615, 621 (2nd Cir. 1999). Even where a *pro se* litigant's response specifically cites to Rule 56, this ground is not enough to cure the defect in lack of notice. *McPherson v. Coombe*, 174 F.3d 276, 281-82 (2nd Cir. 1999).

8.     A court may grant a motion to supplement "[i]n the exercise of its discretion, upon reasonable notice and upon such terms as may be just." *Ramirez v. U.S.,* 2014 WL 5334036, *2 (S.D.N.Y. 2014). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Id.*

### B. This Court Should Grant Leave to Supplement

9.     In its Reply, CardConnect relies on the absence of a corresponding Statement of Material Facts for its assertion that the Court should deem the facts in its

Statement of Material Facts as admitted under Local Civil Rule 56.1. While CardConnect attempts to hold FJR strictly to this Court's local rules, CardConnect failed in its own duty under Local Civil Rule 56.2 as a represented party to provide notice of the requirements under Local Civil Rule 56.1 to FJR. Local Civil Rule 56.2 requires this notice because FJR is proceeding *pro se.* This local rule is based on the Second Circuit's long held concern of the disparity of knowledge of local court procedures between lawyers and *pro se* litigants. *See Forsyth*, 409 F.3d at 570. FJR is not an attorney in New York, has never practiced in the Eastern District of New York, and is accordingly unfamiliar with the local court procedures.

10. While CardConnect's failure to provide the required notice ordinarily results in a denial of the Motion for Summary Judgment, FJR simply requests that this Court grant him leave to supplement his Response to Plaintiff's Motion for Summary Judgment. Should this Court grant leave, FJR would not be opposed to a supplemental reply from CardConnect to respond to FJR's corresponding Statement of Facts.

### PRAYER

31. For the above reasons, FJR asks the Court to grant FJR's Motion for Leave to File Supplemental Response to CardConnect's Motion for Summary Judgment, and provide all other relief to which FJR is entitled.

Respectfully Submitted,

By: */s/ Francisco J. Rodriguez*
FRANCISCO J. RODRIGUEZ, PRO SE
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415
frankr@mcallenlawfirm.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served to the following counsel of record on this 2nd day of December, 2020, to wit:

VIA E-MAIL: john.peterson@polsinelli.com

John W. Peterson
Polsinelli, PC
401 Commerce St., Ste. 900
Nashville, TN 37219
*Attorney for Plaintiff*

                                              /s/ *Francisco J. Rodriguez*
                                              FRANCISCO J. RODRIGUEZ