UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| CARDCONNECT, LLC<br>　　PLAINTIFF,<br><br>VS.<br><br>LAW OFFICE OF FRANCISCO J. RODRIGUEZ and FRANCISCO J. RODRIGUEZ,<br>　　DEFENDANTS/THIRD-PARTY PLAINTIFF | §§§§§§§§§§§ | CASE NO. 2:20-CV-01526 |
| LAW OFFICE OF FRANCISCO J. RODRIGUEZ AND FRANCISCO J. RODRIGUEZ,<br>　　DEFENDANTS/THIRD-PARTY PLAINTIFF<br><br>VS.<br><br>ANTONIO JUAREZ HERNANDEZ, NEREYDA VEGA, ROYAL LIBERTY OIL LEASING, LLC, AND ROYAL INTERNATIONAL INVESTMENT GROUP, LLC,<br>　　THIRD-PARTY DEFENDENTS. | §§§§§§§§§§§§§§§§§ | CASE NO. 2:20-CV-01526 |

**<u>DEFENDANTS' UNOPPOSED THIRD MOTION FOR SUBSTITUTED SERVICE</u>**

Defendants/Third-Party Plaintiffs Law Office of Francisco J. Rodriguez and Francisco J. Rodriguez (collectively "the FJR parties") file this Unopposed Third Motion for Substitute Service on Third-Party Defendant Antonio Juarez Hernandez pursuant to Federal Rule of Civil Procedure 4(e)(1), and respectfully shows the Court as follows:

**I. BACKGROUND**

1.　　On September 4, 2020, the FJR parties moved for substitute service on Defendant Antonio Juarez Hernandez. The FJR parties requested substitute service via email pursuant to the Texas Rules of Civil Procedure, as amended and effective

December 31, 2020.

2.       This Court held a hearing and denied the FJR parties' requested relief because the amendments had not become effective yet. Now that the amendments are effective, the FJR parties request substitute service on Antonio Juarez Hernandez via email.

## DISCUSSION

3.       Federal Rule of Civil Procedure 4(e) allows service upon an individual "pursuant to the law of the state in which the district court is located or where service is made." Because service is being made in Texas, it will look to Texas authority for service of process.

4.       Because of its greater reliability, "Texas law prefers personal service over substitute service." *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App. 2003). Texas Rule of Civil Procedure 106(a) sets out the methods of personal service in Texas:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)(1), (a)(2).

5.       Where proof of actual notice under Rule 106(a) is impractical, however, substitute service exists to allow plaintiffs to effect service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298 (Tex. 1993). "Under Rule 106(b) a court may authorize substituted service only after a plaintiff has unsuccessfully tried to effect personal service

or service by certified mail, return receipt requested, as required by Rule 106(a)." *Id.* That Rule states in part:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under wither [Rule 106](a)(1) or (a)(2) at the location named in the affidavit but has not been successful, the court may authorize service.

Tex. R. Civ. P. 106(b). Upon receipt of an affidavit declaring that attempts under Rule 106(a)(1) or Rule 106(a)(2) have been unsuccessful, a court may authorize substitute service, which, shown from the affidavit or other evidence, is reasonably calculated to provide notice. *Costly*, 868 S.W.2d at 299.

6. The Texas Supreme Court recently amended its Rules of Civil Procedure to allow service via social media and email. Rule 106(b) now provides that substitute service can be effectuated "in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *Order Amending Texas Rules of Civil Procedure 106 and 108a*, (Aug. 21, 2020), https://www.courthousenews.com/wp-content/uploads/2020/08/209103.pdf (last visited September 4, 2020).

7. When a court has ordered substituted service pursuant to Rule 106, the only authority for the substituted service is the order itself. *Dolly v. Aethos Comm. Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App. 2000). Therefore, the requirements set forth in the order must be strictly followed.

8. In this case, the FJR parties have shown by affidavit that they have attempted service on Third-Party Defendant Antonio Hernandez Juarez, but have been unsuccessful. Antonio Hernandez Juarez entered a contract with the FJR parties in

Texas, with said contract being governed by Texas law (**Dkt 30-2**). Accordingly, the FJR parties request that this Court sign an order allowing substitute service on Antonio Hernandez Juarez via email, i.e., a.juarezhernandez@hotmail.com and a.juarez.hernandez1960@hotmail.com.

Respectfully Submitted,

By: _____
FRANCISCO J. RODRIGUEZ, PRO SE
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone No.: (956) 687-4363
Telecopier No.: (956) 687-6415
frankr@mcallenlawfirm.com

**CERTIFICATE OF CONFERENCE**

At the March 1, 2021, status conference, the Court asked John W. Peterson, attorney for Plaintiff, whether he opposed or was unopposed to this motion, and Mr. Peterson indicated to the Court he was unopposed.

_____
FRANCISCO J. RODRIGUEZ

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served to the following counsel of record on this 2nd day of March, 2021, to wit:

VIA E-MAIL: john.peterson@polsinelli.com

John W. Peterson
Polsinelli, PC
401 Commerce St., Ste. 900
Nashville, TN 37219
*Attorney for Plaintiff*

_____
FRANCISCO J. RODRIGUEZ